**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marcus Dukes,<br><br>        Plaintiff,<br><br>v.<br><br>Liberty Mutual Auto and Home Services LLC, et al.,<br><br>        Defendants. | No. CV-23-01254-PHX-DJH<br><br>**ORDER** |

Plaintiff Marcus Duke ("Plaintiff") has filed an Application to Proceed in District Court Without Prepaying Fees or Cost (Doc. 2). Upon review, Plaintiff's Application, signed under penalty of perjury, indicates that he is financially unable to pay the filing fee. The Court will grant Plaintiff's Application and allow him to proceed *in forma pauperis* ("IFP"). Pursuant to 28 U.S.C. § 1915(e)(2), the Court will proceed to screen Plaintiff's Complaint (Doc. 1).

**I.    Legal Standard**

The determination that Plaintiff may proceed IFP does not end the inquiry under 28 U.S.C. § 1915. When a party has been granted IFP status, the Court must review the complaint to determine whether the action:

(i)     is frivolous or malicious;

(ii)    fails to state a claim on which relief may be granted; or

(iii)   seeks monetary relief against a defendant who is immune from such relief.

*See* 28 U.S.C. § 1915(e)(2)(B).[1]  In conducting this review, "section 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted). Rule 8(a) of the Federal Rules of Civil Procedure requires that:

> A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Fed. R. Civ. P. 8(a). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[2]  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S.

---

[1] "While much of § 1915 outlines how prisoners can file proceedings *in forma pauperis*, §1915(e) applies to all *in forma pauperis* proceedings, not just those filed by prisoners." *Long v. Maricopa Cmty. College Dist.*, 2012 WL 588965, at *1 (D. Ariz. Feb. 22, 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126 n. 7 (9th Cir. 2000) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints[.]"); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.") (citation omitted). Therefore, section 1915 applies to this non-prisoner IFP complaint.

[2] "Although the *Iqbal* Court was addressing pleading standards in the context of a Rule 12(b)(6) motion, the Court finds that those standards also apply in the initial screening of a complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A since *Iqbal* discusses the general pleading standards of Rule 8, which apply in all civil actions." *McLemore v. Dennis Dillon Automotive Group, Inc.*, 2013 WL 97767, at *2 n. 1 (D. Idaho Jan. 8, 2013).

at 555.  Nor will a complaint suffice if it presents nothing more than "naked assertions" without "further factual enhancement."  *Id*. at 557.

The Court must accept all well-pleaded factual allegations as true and interpret the facts in the light most favorable to the plaintiff.  *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).  That rule does not apply, however, to legal conclusions.  *Iqbal*, 556 U.S. at 678.  The Court is mindful that it must "construe pro se filings liberally when evaluating them under *Iqbal*."  *Jackson v. Barnes*, 749 F.3d 755, 763–64 (9th Cir. 2014) (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir.  2010)).

## II.     Statutory Screening

Plaintiff has filed suit against Liberty Mutual Auto and Home Services LLC and Liberty Mutual Group Inc. (collectively "Liberty Mutual").  (Doc. 1 at 2).  Plaintiff states he interviewed with Liberty Mutual for a Sales Representative position on March 21, 2022. (*Id*. at 5).  He further claims Liberty Mutual "found him eligible for the position" and "offered [him] a senior level position based on [his] experience." (*Id*.)  However, Plaintiff alleges that after Liberty Mutual requested an updated resume and prior employment history, he "never heard back from Liberty Mutual again." (*Id*.)  Plaintiff then filed a complaint for age discrimination with the Equal Opportunity Employment Commission ("EEOC") on May 27, 2023. (*Id*. at 7).

Plaintiff now brings a discrimination claim against Liberty Mutual under the Age Discrimination Employment Act ("ADEA"), 29 U.S.C. § 621 et. seq. (*Id*. at 3).  Plaintiff alleges Liberty Mutual discriminated against him due to his age when it failed to hire him. (*Id*. at 4).  Plaintiff seeks $1,00,000.00 of salary that he would have earned with Liberty Mutual had it hired him. (*Id*. at 6).

### A.     Legal Requirements for Age Discrimination Claims

The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age[.]"  29 U.S.C. § 623(a)(1).  Under the failure to hire standard, a plaintiff

makes out a *prima facie* case of discrimination under the ADEA by meeting three elements: (1) "he was within the protected class of individuals between forty and seventy years of age"; (2) "he applied for a position for which he was qualified"; and (3) "that a younger person with similar qualifications received the position." *Cotton v. City of Alameda*, 812 F.2d 1245, 1248 (9th Cir. 1987).

The United States Supreme Court clarified in *Swierkiewicz v. Soremna N.A.* that employment discrimination complaints do not need to "contain specific facts establishing a *prima facie* case of discrimination under the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)."[3]  534 U.S. 506, 508 (2002).  However, a court may still use the *prima facie* elements as guidance to determine if the complaint contains sufficient factual allegations.  *See id.* at 522; *see also Drevaleva v. Department of Veterans Affairs*, 835 Fed. Appx. 221, 223 (9th Cir. 2020).  Thus, the Court will look to the *prima facie* elements as set forth *Cotton* as guidance when evaluating the sufficiency of Plaintiff's claim.

### B. Plaintiff's Age Discrimination Claim is Factually Deficient

Plaintiff meets element one because he represents that he is forty-eight (48) years of age. (Doc. 1 at 4 (Plaintiff was born in 1975)). Plaintiff meets element two because he claims that Liberty Mutual found him eligible for a Sales Representative position and "offered [him] a senior level position based on [his] experience." (*Id.* at 2). Plaintiff, however, does not meet element three because he does not allege that that a younger person with similar qualifications received the position he sought. *See Cotton*, 812 F.2d at 1248.

Therefore, Plaintiff does not state adequate facts to bring a discrimination claim under 29 U.S.C. § 623(a)(1) on a failure to hire theory. Plaintiff's ADEA claim is dismissed without prejudice.

/ / /

---

[3] The *McDonnell Douglas* burden shifting framework is composed of three parts: (1) the plaintiff first bears the burden to establish a prima facie case of discrimination or retaliation; (2) the burden shifts to the defendant to identify a legitimate nondiscriminatory reason for the alleged adverse employment action; and (3) the burden shifts back to the plaintiff to show pretext. *See Sanders v. City of Newport*, 657 F.3d 772, 777 n.3 (9th Cir. 2011).

### III. Leave to Amend

In accordance with the well-settled law in this Circuit, because "it is not 'absolutely clear' that [Plaintiff] could not cure [the Complaint's] deficiencies by amendment," the Court will give him the opportunity to do so. *See Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) (citations omitted); *see also Lopez*, 203 F.3d at 1131 (en banc) (internal quotation marks and citations omitted) (holding that a pro se litigant must be given leave to amend his complaint "if it appears at all possible that the plaintiff can correct the defect" in the complaint). It will dismiss the Complaint and grant leave for Plaintiff to file a first amended complaint within **thirty (30) days** from the date of entry of this Order. *See* Fed. R. Civ. P. 15(a)(2) (leave to amend should be "freely" given "when justice so requires[]").

Plaintiff's complaint must be amended to address the deficiencies identified above and he must clearly designate on the face of the document that it is the "First Amended Complaint." Plaintiff should tell his case's story in a short and plain manner then state each claim or cause of action a separate count, alleging facts that that satisfy all of the elements of the claims he is bringing. For example, he must clarify whether a younger person with similar qualifications received the position he sought with Liberty Mutual.

Plaintiff's amended complaint should follow the form detailed in Rule 7.1 of the Local Rules of Civil Procedure ("LRCiv"). Examples of different types of complaints demonstrating the proper form can be found in the appendix of forms that is contained with the Federal Rules of Civil Procedure (forms 11–21).[4] This amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference. It must also clearly state the grounds for this Court's jurisdiction, either by bringing a federal cause of action or by showing how the Court may exercise its diversity jurisdiction. *See* Fed. R. Civ. P. 8(a)(1).

The Court recommends Plaintiff review the information available in the District

---

[4] Those forms as well as the Federal Rules of Civil Procedure and the Local Rules, as well as other information for individuals filing without an attorney may be found on the District Court's internet web page at www.azd.uscourts.gov/.

Court's Handbook for Self-Represented Litigants, which is available online.[5]  Plaintiff should also be aware that "an amended complaint supersedes the original complaint and renders it without legal effect[.]" *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc).  Thus, after amendment, the Court will treat an original complaint as nonexistent. *Id.* at 925.

**IV.   Warning**

Plaintiff is advised that if he elects to file an amended complaint but fails to comply with the Court's instructions explained in this Order, the action will be dismissed pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)).  If Plaintiff fails to prosecute this action, or if he fails to comply with the rules or any court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rule of Civil Procedure. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) is dismissed with leave to file a First Amended Complaint within **thirty (30) days** of the date this Order is entered.

**IT IS FURTHER ORDERED** that if Plaintiff does not file a First Amended Complaint within **thirty (30) days** of the date this Order is entered, the Clerk of Court shall dismiss this action without further order of this Court; and

/ / /

/ / /

/ / /

---

[5] The Handbook may be found at http://www.azd.uscourts.gov/handbook-self-represented-litigants.

**IT IS FINALLY ORDERED** that if Plaintiff elects to file a First Amended Complaint, it may not be served until and unless the Court issues an Order screening the amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

Dated this 17th day of July, 2023.

Honorable Diane J. Humetewa
United States District Judge