**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marcus Dukes, | No. CV-23-01254-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Liberty Mutual Auto and Home Services LLC, et al., | |
| Defendants. | |

This matter arises under the Age Discrimination Employment Act, 29 U.S.C. § 621 *et. seq.* ("ADEA"). In its July 17, 2023, Order (Doc. 6), the Court permitted *pro se* Plaintiff Marcus Duke ("Plaintiff") to proceed *in forma pauperis* ("IFP") but dismissed his Original Complaint (Doc. 1) for failing to state a claim upon which relief may be granted. Plaintiff has since filed a First Amended Complaint ("FAC") (Doc. 7). The Court will now screen the FAC under 28 U.S.C. § 1915(e)(2).

**I.     Legal Standard**

The determination that Plaintiff may proceed IFP does not end the inquiry under 28 U.S.C. § 1915. When a party has been granted IFP status, the Court must review the complaint to determine whether the action:

(i)   is frivolous or malicious;

(ii)  fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

*See* 28 U.S.C. § 1915(e)(2)(B).[1]  In conducting this review, "section 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted). Rule 8(a) of the Federal Rules of Civil Procedure requires that:

> A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Fed. R. Civ. P. 8(a). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[2] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S.

---

[1] "While much of § 1915 outlines how prisoners can file proceedings *in forma pauperis*, §1915(e) applies to all *in forma pauperis* proceedings, not just those filed by prisoners." *Long v. Maricopa Cmty. College Dist.*, 2012 WL 588965, at *1 (D. Ariz. Feb. 22, 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126 n. 7 (9th Cir. 2000) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints[.]"); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.") (citation omitted). Therefore, section 1915 applies to this non-prisoner IFP complaint.

[2] "Although the *Iqbal* Court was addressing pleading standards in the context of a Rule 12(b)(6) motion, the Court finds that those standards also apply in the initial screening of a complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A since *Iqbal* discusses the general pleading standards of Rule 8, which apply in all civil actions." *McLemore v. Dennis Dillon Automotive Group, Inc.*, 2013 WL 97767, at *2 n. 1 (D. Idaho Jan. 8, 2013).

at 555. Nor will a complaint suffice if it presents nothing more than "naked assertions" without "further factual enhancement." *Id*. at 557.

The Court must accept all well-pleaded factual allegations as true and interpret the facts in the light most favorable to the plaintiff. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). That rule does not apply, however, to legal conclusions. *Iqbal*, 556 U.S. at 678. The Court is mindful that it must "construe pro se filings liberally when evaluating them under *Iqbal*." *Jackson v. Barnes*, 749 F.3d 755, 763–64 (9th Cir. 2014) (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

## II. Statutory Screening

The Court will first discuss the Original Complaint and then decide whether the FAC alleges sufficient additional facts to state a claim upon which relief can be granted.

### A. The Original Complaint

In the Original Complaint, Plaintiff alleged Defendants Liberty Mutual Auto and Home Services LLC and Liberty Mutual Group Inc. (collectively "Liberty Mutual") discriminated against him based on his age when it failed to hire him. (Doc. 1 at 3–5). Plaintiff sought $1,000,000.00 of salary that he would have earned with Liberty Mutual had it hired him. (*Id*. at 6).

Under the failure to hire standard,[3] a plaintiff makes out a *prima facie* case of discrimination under the ADEA by meeting three elements: (1) "he was within the protected class of individuals between forty and seventy years of age"; (2) "he applied for a position for which he was qualified"; and (3) "that a younger person with similar qualifications received the position." *Cotton v. City of Alameda*, 812 F.2d 1245, 1248 (9th Cir. 1987). The Court dismissed Plaintiff's Original Complaint because although he sufficiently alleged elements one and two, he failed to plead that a younger person with similar qualifications received the position he sought. (Doc. 6 at 4). The Court must determine whether Plaintiff has addressed this deficiency in the FAC.

---

[3] The ADEA makes it unlawful for an employer "to fail or refuse to hire . . . any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age[.]" 29 U.S.C. § 623(a)(1).

### B. The First Amended Complaint

The FAC realleges Liberty Mutual discriminated against Plaintiff based on his age when it failed to hire him for a Sales Representative position. (*Compare* Doc. 1 at 3–5 *with* Doc. 7 at 1–2). Plaintiff states that after he engaged in an informative interview with Liberty Mutual, it notified him that "he [was] a great candidate and [] invited [him] to submit [his] resume to the actual hiring manager." (Doc. 7 at 1–2). Plaintiff emailed Liberty Mutual his "Resume 1." (*Id*. at 2). Liberty Mutual then requested an updated resume because Resume 1 did not provide the months, dates, and years of Plaintiff's prior employment positions. (*Id*.) Plaintiff emailed "Resume 2" (*Id*. at 11–12) with the supplemental information and "stated in the body of the email that he was . . . advised against using Resume 2 due to possible age discrimination." (*Id*. at 2). "After Resume 2 was provided, Plaintiff received no call or feedback regarding the status of his interview." (*Id*.) Plaintiff further represents Liberty Mutual hired two (2) people under the age of forty (40) for the position Plaintiff applied for even though "Plaintiff holds over 28 years of insurance experience" and is "much well qualified for the Sales Representative position[.]" (*Id*. at 4). He attaches the younger employees' profiles to the FAC. (*Id*. at 6–10).

When liberally construing this *pro se* FAC, as the Court must, the Court finds it contains "sufficient factual matter, accepted as true" to state claims for relief that are "plausible on [their] face." *Iqbal*, 556 U.S. at 678. The FAC meets *prima facie* elements one and two because Plaintiff is forty-eight (48) years of age and was qualified to apply to Liberty Mutual's Sales Representative Position. (Doc. 7 at 1–2). The FAC also meets *prima facie* element three because it alleges that younger people with similar or less qualifications received the position Plaintiff sought. (*Id*. at 3–4). Therefore, Plaintiff has adequately stated facts to support a discrimination claim under the ADEA.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Marcus Duke shall be responsible for service of: (1) the Summons, (2) the First Amended Complaint, and (3) this Order on Defendants Liberty Mutual Auto and Home Services LLC and Liberty Mutual Group Inc.

**IT IS FURHER ORDERED** that Plaintiff must become familiar, and comply, with the Federal Rules of Civil Procedure ("Rules") and the Local Rules of Practice for the District Court for the District of Arizona ("Local Rules"). Plaintiff is encouraged to consult the resources for self-represented litigants available on the Court's website at http://www.azd.uscourts.gov/proceeding-without-attorney. Of note, the Court provides a Handbook for Self-Represented Litigants (https://www.azd.uscourts.gov/handbook-self-represented-litigants), as well as forms for scheduling an appointment with a volunteer lawyer at the Free Advice-Only Clinic at the Phoenix courthouse (https://www.azd.uscourts.gov/federal-court-advice-only-clinic-phoenix).

Dated this 1st day of September, 2023.

_____
Honorable Diane J. Humetewa
United States District Judge